# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**BRENDA LEE BROWN,** :
:
    Plaintiff, :
:
v. : Civil Action No. 7:07-cv-39 (HL)
:
**UHS PRUITT CORPORATION,** :
:
    Defendant. :
_____

## ORDER

Plaintiff Brenda Lee Brown ("Brown") filed her Complaint (Doc. 2) in the Court on April 26, 2007. In addition, Brown filed a Motion to Proceed In Forma Pauperis (Doc. 1). For the reasons set forth below, the Motion to Proceed In Forma Pauperis is granted in part.

### I.   MOTION TO PROCEED IN FORMA PAUPERIS

The two-step procedure a district court follows in processing a complaint filed pursuant to 28 U.S.C. § 1915 is well established.

> Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute. . . . Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious.

Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).

Here, Brown submitted a financial affidavit in which, under penalty of perjury, she attested to her financial condition. A review of Brown affidavit reveals that she is

1

unemployed, and she has been unemployed for more than a year. Brown's husband is also unemployed, although he does receive $1045.00 a month in disability payments and $225.00 a month in VA[1] benefits. In addition, Brown receives $570.00 a month in Social Security payments related to two of her children who live at home.[2] Thus, Brown's monthly household income equals $1840.00. In terms of debt, Brown lists $1019.00 in monthly household expenses and more than $27,000 in debts to creditors. Brown has minimal savings.

The filing fee required for civil actions filed in this Court is $350.00. In the opinion of the Court, Brown has sufficient assets and/or income to pay a portion of this fee but not the entire amount. Accordingly, the Complaint may be filed without prepayment of the entire $350.00 fee, but Brown is required to pay $150.00. The Court must now analyze whether Brown's claim is frivolous, malicious or meritless.

Brown contends she suffered harassment and endured a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), while employed by Defendant UHS Pruitt Corporation. Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2003). Taking Brown's allegations as truthful, which the Court is obliged to do at this stage in the

---

[1] It is unclear from Brown's affidavit what the initials "VA" represent, but their meaning is irrelevant—it is the amount received monthly which matters for the Court's IFP determination.

[2] Brown indicated that she has a third child who is employed by the United States Air Force. However, that child's income will not be considered by the Court for the purposes of this IFP determination.

litigation, the Court finds her claim is not frivolous, malicious or meritless and therefore need not be dismissed under § 1915(e)(2)(B).

### III.   CONCLUSION

Brown's Motion to Proceed In Forma Pauperis (Doc. 1) is granted in part.  The Court hereby orders Brown to pay a partial filing fee of $150.00.  Brown shall have forty-five (45) days from the date of her receipt of this order to pay the required partial filing fee to the clerk of court or to explain why she is not able to do so.  Failure to make the required partial payment or to provide satisfactory explanation shall result in the dismissal of this lawsuit. There shall be no service in this case until further order of the Court.

**SO ORDERED**, this the 1st day of May, 2007.

> *s/   Hugh Lawson*
> **HUGH LAWSON, JUDGE**

pdl